UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAD R. TAYLOR Derivatively on Behalf of Himself and All Others Similarly Situated, </br></br> Plaintiff, </br></br> vs. </br></br> SARDAR BIGLARI, </br> PHILLIP L. COOLEY, </br> KENNETH R. COOPER, </br> WILLIAM L. JOHNSON, </br> JAMES P. MASTRIAN, </br> RUTH J. PERSON, </br> BIGLARI HOLDINGS, INC. Nominal Defendant, </br></br> Defendants. | No. 1:13-cv-00891-SEB-MJD |

**ORDER ON PARTIES' DISCOVERY-REALTED MOTIONS**

This matter comes before the Court on several discovery-related motions. Chad R. Taylor ("Plaintiff") moves to Compel the Production of Documents Withheld by Nominal Defendant Biglari Holdings, Inc. Under Claim of Privilege. [Dkts 49, 50]. Sardar Biglari, Biglari Holdings, Inc., Phillip L. Cooley, Kenneth R. Cooper, William L. Johnson, James P. Mastrian, and Ruth J. Peterson ("Defendants") move for Protective Order Limiting Plaintiff's Use of Information or Documents Produced in Response to Plaintiff's First Request for Production of Documents to Nominal Defendant Biglari Holdings, Inc. and for Protective Order to Stay Discovery. [Dkts. 59, 80.] Plaintiff and Defendants jointly move for Entry of a Scheduling Order. [Dkt. 82.] For the following reasons, the Court hereby **GRANTS** in part and **DENIES** in part the parties' various motions.

1

## I. Background

This matter involves a shareholder derivative action, which Plaintiff commenced on June 3, 2013, alleging that the individual Defendants have acted and are acting to entrench Defendant Biglari Holdings, Inc. Over two months later, on August 16, 2013, Plaintiff filed a Motion for Preliminary Injunction, requesting that the Court enjoin the Defendants from enforcing allegedly entrenching elements of Defendant Biglari Holdings, Inc.'s rights offering, which was set to begin on August 27, 2013. The Court then granted Plaintiff's request for expedited discovery responses [dkt. 31] and granted Defendants' motion for extension of time to respond to Plaintiff's complaint [dkt. 39]. To expedite the flow of the requested discovery and to protect allegedly confidential material, the parties submitted a proposed Agreed Protective Order limiting the discovery's use to the motion for preliminary injunction, pending the Court's resolution of Defendants' motion for protective order limiting the use of such discovery. [Dkt. 43.] The Court entered the parties' Agreed Protective Order on August 30, 2013 [*id.*], and Defendants filed their motion to limit plaintiff's use of the discovered information on September 6, 2013 [dkt. 59]. Despite the protective order, Defendants continued to withhold certain requested information under a claim of privilege, and Plaintiff moved to compel the production of such documents on September 4, 2013. [Dkts. 49, 50.]

On September 12, 2013, before the resolution of Plaintiff's motion to compel, Judge Barker denied Plaintiff's motion for preliminary injunction "[w]ithout foreclosing the possibility that Plaintiff may succeed in further substantiating his allegations as to the merits of his claims as a whole" because Plaintiff did not meet the three-part test required to prove entitlement to injunctive relief. [Dkt. 69 at 20, 22.] In light of the Court's denial of preliminary injunction, Defendants moved to stay discovery altogether on September 27, 2013 pending the Court's

resolution of Defendants' motion to dismiss, which had not yet been filed. [Dkt. 80.] With Defendants' deadline to move to dismiss Plaintiff's complaint fast approaching and with the knowledge that Plaintiff wishes to use discovered facts in an anticipated amended complaint, on September 30, 2013 the parties jointly moved for a scheduling order that requires to Court to rule on Defendants' motions for protective orders prior to Plaintiff's filing of an amended complaint, which Defendants would then move to dismiss. [Dkt. 82.] These interwoven, discovery-related motions and discussed herein.

## II. Discussion

The general rule is that the district court has "broad discretion in discovery matters." Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)). However, Rule 23.1 sets forth certain requirements and limitations that curb such discretion in shareholder derivative litigation. *See* Fed. R. Civ. P. 23.1; *Starrels v. First Nat. Bank of Chicago*, 870 F.2d 1168, 1175-76 (7th Cir. 1989) (Easterbrook, J., concurring) ("Rule 23.1 and its parallel in Delaware practice require the court to determine at the pleading stage whether demand was necessary" so when "facts [suggesting demand futility] would come to light only with discovery, then demand is necessary and plaintiff may not litigate at all"). The Court balances its discretions and limitations in the following analysis.

### A. Scheduling Order

In order "to promote judicial economy and resolve procedural issues," Plaintiff and Defendants have jointly moved for entry of a scheduling order regarding Plaintiff's anticipated amended complaint and Defendants' response. [Dkt. 82.] To date, Defendants have not yet filed a response to Plaintiff's June 3, 2013 complaint, so Plaintiff may amend his complaint as a

matter of course. Fed. R. Civ. P. 15(a)(1)(B). Aware of Plaintiff's intention to amend his complaint, Defendants have elected to refrain from filing their responsive motion to dismiss until after Plaintiff amends his complaint, requesting that the Court schedule deadlines accordingly. [Dkt. 82.] A threshold issue currently preventing Plaintiff from amending his complaint is whether demand futility law prevents him from using the discovered facts in his amendment, which is addressed in Defendants' motion to limit the use of the discovery. [*Id*.] Because of these constraints, the parties request that:

- Defendants shall not be required to respond to Plaintiff's Complaint filed June 3, 2013.
- Plaintiff shall file an Amended Complaint within ten (10) days after resolution of the Discovery Motion [limiting the use of the discovery].
- Defendants shall have thirty (30) days to respond to the Amended Complaint.
- In the event Defendants move to dismiss the Amended Complaint, Plaintiff shall have thirty (30) days to respond to such motion.
- Defendants shall have fifteen (15) days to reply to any opposition to any motion to dismiss.

[*Id.*] Accordingly, the Court grants Defendants leave from responding to Plaintiff's June 3, 2013 complaint, so long as Plaintiff files an amended complaint within ten (10) days of this Order, which herein resolves Defendants' motion to limit the use of the discovery. However, Defendants shall have only twenty-one (21) days to respond to such an amended complaint, not the requested thirty days, and Local Rule 7-1 will govern the subsequent briefing deadlines, should the response come in the form of a motion to dismiss, as anticipated.

### B. Protective Order to Limit the Use of the Discovery

After Judge Barker ordered Defendant Biglari Holdings, Inc. to respond to Plaintiff's First Request for Production of Documents, Defendants moved for entry of a protective order limiting plaintiff's use of information or documents produced to the prosecution of Plaintiff's motion for preliminary injunction. [Dkt. 59.] Specifically, Defendants argue that allowing Plaintiff to use any of the discovered facts to amend his complaint or to oppose Defendants'

anticipated motion to dismiss would "operate as an end-run around the Rule 23.1 demand-futility pleading requirement or Indiana's 'strongly pro-management version of the business judgment rule.'" [*Id.* at 2.] In response, Plaintiff emphasizes that Judge Barker found Plaintiff's motion for discovery responses "meritorious" and argues that the demand-futility pleading requirement is not a rule of exclusion of any discovery, such as Plaintiff's properly taken discovery, and that Defendant has not met his burden of proof to warrant a protective order. [Dkt. 77.]

When examining the law of demand futility, the laws of the state of incorporation of the nominal defendant govern. *See In re Abbott Labs. Derivative Shareholders Litig.*, 325 F.3d 795, 803 (7th Cir. 2003). Nominal Defendant Biglari Holdings, Inc. is an Indiana corporation, and in Indiana it is proper for a district court to apply "instructive Delaware caselaw [sic] to determine the demand futility standards that Indiana would apply." *In re ITT Derivative Litig.*, 932 N.E.2d 664, 669 (Ind. 2010).

In Delaware, courts consistently employ the general rule that plaintiffs in a shareholder derivative suit are not entitled to discovery in order to demonstrate Rule 23.1's heightened pleading requirements of demand futility. *See, e.g.*, *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004) ("In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility"). However, both the Supreme Court of Delaware and Delaware's Court of Chancery permit a plaintiff to amend his complaint with information gathered during books and records inspections, pursuant to Delaware law, so that the heightened pleading requirements can be met. *Beam*, 845 A.2d at 1056. Thus, there *are* circumstances under which a plaintiff may be permitted to add additional information to his complaint in order to meet the heightened pleading requirements in a shareholder derivative suit.

5

Additionally, in their brief supporting their motion, Defendants assert that "courts routinely stay discovery in shareholder derivative cases when there is a pending motion to dismiss the shareholder-plaintiff's standing and the adequacy of the demand-futility allegations." [Dkt. 60 at 7-8.] Defendants then argue that the present circumstances are "analogous" to the cases cited in support of this assertion. However, in each case cited by the Defendants, there was a motion to dismiss pending, which is not the case here. While the Defendants have made evident to the Court their intentions to move to dismiss Plaintiff's claims, they have had more than eight months during which they could have moved to dismiss the complaint, two months of which preceded Plaintiff's filing of their motion for preliminary injunction. Additionally, this matter is unique in that Judge Barker has already granted certain expedited discovery, and the information in question has already been divulged to the Plaintiff. The present circumstances are not so analogous as the Defendants would have the Court believe.

While it is important to avoid incentivizing shareholder plaintiffs "to make baseless allegations and then engage in discovery fishing expeditions," *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007), this is not a concern in this matter. Judge Barker, in granting Plaintiff's motion for expedited discovery in August of 2013, ostensibly made a finding that Plaintiff's claims are not so baseless that conducting discovery would be akin to such a fishing expedition; the Court found Plaintiff's motion to be "meritorious," and Plaintiff is now rightly in possession of information and wishes to not be prevented from using it in amending his complaint.

Further, the Court is permitted to issue protective orders only "for good cause" and in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Defendants have not argued that Plaintiff's use of this

6

information, which has already been discovered and disclosed, would have any such detrimental effect that warrants the remedy of a protective order. Instead, they rely on dissimilar cases that rule on motions to stay discovery in light of the defendants' pending motions to dismiss or that rule on the defendants' very motions to dismiss. Because Plaintiff has already acquired the information pursuant to a court order and the Defendants allowed months to pass before making their intentions to file their motion to dismiss known, the Court **denies** Defendants' Motion for Protective Order Limiting Plaintiff's Use of Information or Documents Produced in Response to Plaintiff's First Request for Production of Documents to Nominal Defendant Biglari Holdings, Inc. [Dkt. 59.]

    **C.    Protective Order to Stay Discovery**

Also pending before the Court is Defendants' Motion for protective Order to Stay Discovery, filed September 27, 2013, after the Court's denial of Plaintiff's motion for preliminary injunction. [Dkt. 80.] Pursuant to Rule 26(c), Defendants argue that it would promote judicial economy and protect Defendants and third parties from expending resources to comply with discovery requests that would be unnecessary should Plaintiff not survive Defendants' forthcoming motion to dismiss for failure to satisfy Indiana's demand requirement.[1] [Dkt. 81 at 2-3.] Plaintiff, in turn, argues that Defendants' motion is based on "unsubstantiated innuendo about a potential deluge of discovery," but in actuality only applies to one subpoena, which was served upon third party Towers Watson & Co and does not burden the Defendants such that a protective order is warranted. [Dkt. 86 at 1-2.]

The Court reiterates that it may only issue a protective order "for good cause" and in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden

---

[1] Defendants additionally address the discovery already granted by the Court that Plaintiffs move to compel. [Dkt. 81 at 4, 9.] This is a separate issue that will be addressed in Subsection D of this Order.

7

or expense." Fed. R. Civ. P. 26(c). However, the Court also recognizes Delaware's general rule that, in order to prevent a shareholder plaintiff from making baseless allegations and then attempting to substantiate them by fishing for supporting facts through the discovery process, a shareholder plaintiff may not seek discovery in order to meet Rule 23.1's heightened pleading standard for demand futility. *See, e.g., In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 401 (3d Cir. 2007); *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004). Because of this rule, courts often stay discovery when there is a Rule 23.1 motion to dismiss pending in a shareholder derivative suit. *See, e.g.*, *Make A Difference Found., Inc. v. Hopkins*, No. 10-cv-00408-WYD-MJW, 2010 WL 2197354 (D. Colo. May 28, 2010); *In re First Bancorp Derivative Litig.*, 407 F. Supp. 2d 585, 587 (S.D.N.Y. 2006); *Khanna v. Covad Commc'ns Grp., Inc.*, 20481-NC, 2004 WL 187274 n.33 (Del. Ch. Jan. 23, 2004). Accordingly, discovery itself is generally viewed as an undue burden when there is a Rule 23.1 motion to dismiss pending in a shareholder derivative suit.

As the Court has previously discussed, the Defendants have not yet filed their "forthcoming" motion to dismiss. However, as acknowledged in Subsection A of this Order, the parties have jointly requested that the Defendants wait to file their motion to dismiss until after the Plaintiff files his anticipated amended complaint, and the Court has granted this motion. Accordingly, the Court will rule on Defendants' motion to stay discovery with knowledge of Defendants' assertion that Plaintiff does not have standing to further pursue his claim, even though this argument has not yet been memorialized in the form of a motion to dismiss for failure to properly plead demand futility pursuant to Rule 23.1.

Defendants first argue that there is good cause for the Court to issue a protective order because Plaintiff "has issued a subpoena to at least one third-party, Towers Watson." [Dkt. 81 at

2.] On this issue, Plaintiff argues that a Court may only quash a subpoena when the request is overly broad, unduly burdensome, or not relevant. [Dkt. 86 at 4-7.] However, in light of Defendants' forthcoming motion to dismiss, such a subpoena, pursuant to Delaware's general rule as employed in *Merck* and *Beam*, would be unduly burdensome to Towers Watson, as the Court has not yet made a finding that the Plaintiff has standing to bring this suit. Thus, Defendants' motion is **granted** with regard to Plaintiff's subpoena *duces tecum* to Towers Watson.

Defendants also conjecture that "[i]t is not unreasonable to assume that Plaintiff is planning to serve additional subpoenas on non-parties" and requiring the Defendants or third parties to respond to such requests for information would be unduly burdensome. [Dkt. 81 at 9.] Plaintiff argues that this "unsubstantiated innuendo about a potential deluge of discovery" does not warrant further argument. The Court is inclined to agree with Plaintiff, as it is impossible for Defendants to be unduly burdened by requests that have not been made, and Defendants' motion is **denied as unripe** with regard to nonexistent discovery requests. Should the Plaintiff make such requests, however, Delaware's demand-futility case law would prevent the Court from enforcing such discovery requests until the Plaintiff survives Defendants' anticipated motion to dismiss.

### D. Protective Order to Stay Discovery

Finally, the Court addresses Plaintiff's motion to compel. [Dkts. 49, 50.] Plaintiff argues that, given Judge Barker's order finding Plaintiff's First Request for Production of Documents to Nominal Defendant Biglari Holdings, Inc. meritorious, he may continue to pursue the responses to such discovery despite the Court's denial of Plaintiff's motion for preliminary injunction. [Dkt. 90.] Defendants in turn argue that the Court's denial of Plaintiff's motion for preliminary injunction moots Plaintiff's motion to compel, asserting that the expedited discovery was only

granted to aid the Plaintiff in his motion for preliminary injunction. [Dkt. 95.] In support of their argument, Defendants rely on the same case law previously discussed in this Order, that shareholder plaintiffs are not entitled to discovery in order to meet the heightened pleading requirements set forth in Rule 23.1 and that discovery should be stayed until the resolution of Defendants' forthcoming motion to dismiss. [*Id.*]

The Court finds itself in a unique position. To the Court's knowledge, Delaware courts have not yet ruled on whether court-sanctioned discovery, withheld by the defendant under claim of privilege, can continue to be pursued when there is a 23.1 motion to dismiss forthcoming. The Court has already ruled that the Plaintiff may use the discovery that has already been disclosed for any purposes relating to this matter, including his amended complaint. However, the Court has also ruled that the Plaintiff is not entitled to information responsive to his subpoena served upon third party Towers Watson in light of Defendants' forthcoming motion to dismiss.

The information that Plaintiff wishes to compel would not be as burdensome upon the Defendants as the subpoena would be upon third party Towers Watsons, as the Defendants have already searched for, categorized, and isolated the documents in question and are merely withholding them on the grounds of privilege. However, the fact remains that the information has not yet been turned over, and courts that turn to Delaware law often prevent a shareholder plaintiff from receiving any additional discovery once a 23.1 motion to dismiss is pending. Although the motion to dismiss has not yet been filed, the Court has granted the parties' joint motion for a scheduling order that in no uncertain terms acknowledges that the Defendants will file such a motion, but only after the Plaintiff first amends his complaint. Though the line is a fine one, the Court **denies** Plaintiff's motion to compel, without prejudice, pending the Court's resolution of Defendants' forthcoming motion to dismiss for lack of standing.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** in part and **DENIES** in part parties' Joint Motion for Entry of Scheduling Order [dkt. 82], **DENIES** Defendants' Motion for Protective Order Limiting Plaintiff's Use of Information or Documents Produced in Response to Plaintiff's First Request for Production of Documents to Nominal Defendant Biglari Holdings, Inc. [dkt. 59], **GRANTS** Defendants' Motion for Protective Order to Stay Discovery [dkt. 80], and **DENIES** Plaintiff's Motion to Compel the Production of Documents Withheld by Nominal Defendant Biglari Holdings, Inc. Under Claim of Privilege [dkts. 49, 50]. As requested, Plaintiff shall file an Amended Complaint within ten (10) days from the date of this Order, and the Defendants shall file their response within twenty-one (21) days of the filing of Plaintiff's Amended Complaint.

Date: 02/28/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

David K. Herzog
FAEGRE BAKER DANIELS LLP - Indianapolis
david.herzog@faegrebd.com

Harmony A. Mappes
FAEGRE BAKER DANIELS LLP - Indianapolis
harmony.mappes@faegrebd.com

Paul A. Wolfla
FAEGRE BAKER DANIELS LLP - Indianapolis
paul.wolfla@faegrebd.com

Louis Nathaniel Boyarsky
GLANCY BINKOW & GOLDBERG LLP
lboyarsky@glancylaw.com

Linda L. Vitone
KATZ & KORIN P.C.
lvitone1@comcast.net

Offer  Korin
KATZ & KORIN P.C.
okorin@katzkorin.com

Christopher J. Clark
LATHAM & WATKINS, LLP
christopher.clark2@lw.com

James Christian Word
LATHAM & WATKINS, LLP
christian.word@lw.com

Avraham Noam Wagner
THE WAGNER FIRM
avi@thewagnerfirm.com