UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE BIGLARI HONDINGS, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) ) ) ) CONSOLIDATED No. 1:13-cv-00891-SEB-MJD |

**ORDER ON MOTION TO STAY AND VACATE**

This cause comes before the Court on Defendants Sardar Biglari, Phillip L. Cooley, Kenneth R. Cooper, William L. Johnson, James P. Mastrian, and Ruth J. Peterson's ("Defendants") Motion to Stay Discovery and Vacate May 14, 2014 Initial Pretrial Conference and Related Deadlines. [Dkt. 139.] Chad R. Taylor and Edward Donahue ("Plaintiffs") bring this shareholder derivative suit on behalf of Nominal Defendant Biglari Holdings, Inc. ("Biglari") seeking relief from certain "Entrenchment Transactions." [Dkt. 107.] The matter is currently scheduled for an initial pretrial conference on Wednesday, May 14, 2014, at which conference the discovery deadlines for the case would be set. [Dkt. 134.]

In their motion to stay and vacate, Defendants assert that it is improper to proceed with such an initial pretrial conference until the Court rules on Defendants' motion to dismiss and finds that the Plaintiffs have standing to bring their shareholder derivative action. [Dkt. 139.] In response, Plaintiffs do not oppose a continuance of the initial pretrial conference "to a time shortly after resolution of Defendants' Motion to Dismiss." [Dkt. 140 at 3.] Regarding the requested stay of discovery, "Plaintiffs have [already] refrained from propounding further discovery during the pendency of Defendants' motion to dismiss" and believe that there is no need for the Court to order a stay of nonexistent discovery. [*Id.* at 1-2.] Although the Court has

set deadlines for the parties' Rule 26 initial disclosures and their respective preliminary witness and exhibit lists [Dkt. 134], Plaintiffs assert that such initial disclosures are not "discovery" and thus need not be stayed. [Dkt. 140.]

In Indiana, courts look to the instruction of Delaware case law when faced with a shareholder derivative claim, and Delaware law generally bars a derivative plaintiff's access to discovery when there is a motion to dismiss for lack of standing. *See In re ITT Derivative Litig.*, 932 N.E.2d 664, 669 (Ind. 2010) (Indiana courts look to Delaware case law "to determine the demand futility standards that Indiana would apply"); *Weschler v. Quad-C, Inc.*, CIV. A. 18118, 2000 WL 33173170 (Del. Ch. Sept. 12, 2000) ("Absent special circumstances, discovery [in a shareholder derivative suit] will normally be stayed pending the determination of a motion to dismiss [for failure to sufficiently plead demand futility]"). Thus, any discovery deadlines set by the Court would be contingent upon the resolution of the motion to dismiss, and it is appropriate to continue the initial pretrial conference until after the Court makes a finding as to whether the Plaintiffs have standing.

In light of this decision to continue the initial pretrial conference indefinitely, the Court vacates its order scheduling the initial pretrial conference in its entirety, including the initial disclosure deadlines and the preliminary witness and exhibit list deadlines, without ruling on the finite issue of whether such disclosures constitute "discovery" under Delaware's demand-futility law. Accordingly, the Court **grants** Defendants' request to vacate the May 14, 2014 initial pretrial conference. As for Defendants' request to stay discovery, however, the Court has previously indicated that it will not stay a discovery process that has not yet been set into motion. [*See* Dkt. 104 at 9.] Defendants' request to stay discovery is thus **denied as unripe**.

For the aforementioned reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Stay Discovery and Vacate May 14, 2014 Initial Pretrial Conference and Related Deadlines.  [Dkt. 139.]  Additionally, the Court's Order scheduling the May 14, 2014 initial pretrial conference, dated April 25, 2014 [Dkt. 134], is **VACATED**.  Should the Plaintiffs survive Defendants' pending motion to dismiss, the parties shall file a proposed Case Management Plan ("CMP") no later than seven (7) days after the Court rules on Defendants' motion to dismiss.

Date: 05/07/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Christopher J. Clark
ADAMS, HAWWARD, NICOLAS & WELSH
christopher.clark2@lw.com

Louis Nathaniel Boyarsky
GLANCY BINKOW & GOLDBERG LLP
lboyarsky@glancylaw.com

Offer Korin
KATZ & KORIN P.C.
okorin@katzkorin.com

Debra Ann Mastrian
KRIEG DEVAULT LLP
dmastrian@kdlegal.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com

James Christian Word
LATHAM & WATKINS, LLP
christian.word@lw.com

Adam Poncio
PONCIO LAW OFFICES PC
5410 Fredericksburg Road, Suite 109
San Antonio, TX 78229-3550

Brian J. Robbins
ROBBINS ARROYO LLP
notice@robbinsarroyo.com

Joan M. Rabutaso
ROBBINS ARROYO LLP
jrabutaso@robbinsarroyo.com

Kevin A. Seely
ROBBINS ARROYO LLP
kseely@robbinsarroyo.com

Avraham Noam Wagner
THE WAGNER FIRM
avi@thewagnerfirm.com